# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| MICHAEL P. MALLANEY,<br><br>PLAINTIFF,<br><br>vs.<br><br>TRI-STATE ADJUSTMENTS, INC.<br><br>DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Michael Mallaney ("Plaintiff" or "Mallaney") by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, Tri-State Adjustments, Inc. (hereinafter "Defendant" or "Tri-State"), alleges as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.   PARTIES

3. Plaintiff, Michael Mallaney, is a natural person residing in West Des Moines, Iowa.

4. Defendant, Tri-State Adjustments. Inc., is a business engaged in the collection of debts owed to another in the state of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is an alleged "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff's son, Keegan Mallaney, incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Associated University Realty, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. On or about February 02, 2009, the Plaintiff's son, Keegan Mallaney entered into a sublease agreement with Associated University Realty, Inc.

11. Keegan Mallaney continued to pay his share of the rent until the end of the lease in May, 2009.

12. Subsequent to the end of the lease, Associated University Realty claimed damage to the lease property in an amount of approximately $1,000. The initial deposit on the property in the amount of $600.00 was applied to the $1,000. With regard to the remaining balance, Keegan Mallaney's roommate, Joey Lipchik paid a portion and Keegan Mallaney's father, Michael Mallaney, the Plaintiff, remitted payment in the form of a check to Associated University Realty in the amount of $326.21 on October 21, 2009.

13. The Plaintiff received correspondence from the Defendant dated June 29, 2010. Said correspondence was addressed to the Plaintiff and alleged the Plaintiff owed Associated University Realty in the amount of $326.21.

14. Notwithstanding the Plaintiff's payment to Associated University Realty on October 21, 2009, the Plaintiff was never on the lease or sublease in question and was not personally liable for the debt alleged in Defendant's June 29, 2010 correspondence.

15. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: frustration, anger, and stress.

### V. FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

16. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 15.

17. Tri-State Adjustments, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   b. The Defendant violated 15 U.S.C. § 1692e(2)(a) through a false misrepresentation of the character, amount, or legal status of the debt.

   c. The Defendant violated 15 U.S.C. § 1692e(5) through a misrepresentation or threat to take any action that cannot legally be taken or that is not intended to be taken.

   d. The Defendant violated 15 U.S.C. § 1692e(10) through the use of false representation or deceptive means to collect or attempt to collect any debt.

   e. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

18. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

19. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

20. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

### VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

21. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20.

22. Tri-State Adjustments, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692d(5); 1692e(2)(a); 1692e(5); 1692e(10); and 1692f.

    b. The Defendant violated Iowa Code § 537.7103(4)(e) through a false misrepresentation of the character, extent or amount of a debt, or of its legal status.

    c. The Defendant violated Iowa Code § 537.7103(2) through actions which result in the oppression or harassment in connection with the collection or attempted collection of a debt.

23. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

24. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

25. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff prays that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

### VII.  JURY DEMAND

The Plaintiff prays a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF